**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JUDSON ANDERSON, On Behalf of All Others Similarly Situated,<br><br>                Plaintiffs,<br><br>       v.<br><br>STONEMOR PARTNERS, L.P., LAWRENCE MILLER, SEAN P. MCGRATH, ROBERT B. HELLMAN, JR. and TIMOTHY YOST<br><br>                Defendants. | Class Action No. 2:16-cv-06111-ER |
| STEVE KLEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>       v.<br><br>STONEMOR PARTNERS L.P., LAWRENCE R. MILLER, SEAN P. MCGRATH, JAMES M. PIPPIS, TIMOTHY K. MCGRATH, and WILLIAM R. SHANE,<br><br>                Defendants. | Class Action No. 2:16-cv-06275-ER |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ROBERT CRANDALL FOR CONSOLIDATION OF RELATED CASES, APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF LEAD COUNSEL FOR THE CLASS</u>**

Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") and Fed. R. Civ. P. 41, Robert Crandall ("Movant") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned cases, to appoint Movant as lead plaintiff and to approve of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel for the Class.

**PRELIMINARY STATEMENT**

Movant seeks to represent the putative class ("Class") in the pending securities class action against StoneMor Partners, LP ("StoneMor" or the "Company") and others. Movant seeks consolidation of related cases, appointment as lead plaintiff, and approval of his selection of lead counsel.

The putative class ("Class") consists of all persons who purchased StoneMor securities between January 19, 2012 and October 27, 2016, and who were damaged thereby. Defendants are the Company, Lawrence Miller, Sean P. Mcgrath, Robert B. Hellman, Jr., James M. Pippis, and Timothy Yost ("Defendants"). As the complaint alleges, Defendants caused the securities of StoneMor to trade at artificially inflated prices by, among other things, materially misleading the Class concerning the Company's business, operations, and prospects.

Pursuant to the Exchange Act, this Court must appoint the "most adequate plaintiff" to serve as lead plaintiff in the prosecution of the class' claims. 15 U.S.C. §78u-4(a)(4); *see also In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001), cert denied, 535 U.S. 929 (2002). To select which member of the Class should serve as lead plaintiff, the Exchange Act mandates that the Court appoint the member of the Class who has the largest financial interest in the litigation and has made a prima facie showing that it or they are adequate class representative and their claims typical of the claims of the Class. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

Movant believes he has the largest financial interest in the relief sought in this action, having sustained losses of $67,025.34. Movant also satisfies the requirements of Fed. R. Civ. P. 23(a) in that he will be an adequate representative of the Class and his claims are typical of the Class. Movant is willing and able to represent the interests of the Class to maximize the recovery for the benefit of the Class.

**STATEMENT OF FACTS**

Movant summarizes the following facts from the complaints on file.

StoneMor is the second largest provider of funeral and cemetery products and services in the death care industry in the United States. As of March 31, 2016, StoneMor operated 307 cemeteries in 27 states and Puerto Rico, of which 276 are owned and 31 are operated under lease, management or operating agreements. StoneMor also owned and operated 104 funeral homes in 19 states and Puerto Rico.

The Company sells cemetery products and services both at the time of death, which StoneMor refers to as "at-need," and prior to the time of death, which the Company refers to as "pre-need." In a "pre-need" sale, the customer pays cash up front to the Company for funeral merchandise and services to be provided at an unknown future date.

Over the course of the Class Period, StoneMor successfully renegotiated its credit facility agreements, increasing the Company's line of credit significantly over time. It also persistently diluted unitholders through multiple public offerings, private placements, and debt offerings. Together, StoneMor created the fallacy that it had adequate cash on hand to justify, and payout, a quarterly profits distribution, which triggers incentive payments owed to the General Partner, including certain executives and board members, under the LP A.

During the Class Period, plaintiff alleges Defendants issued materially false and misleading statements to investors and/or failed to disclose that the (1) Company's reported non-GAAP financial metrics were materially misleading and concealed the truth about the Company's true financial condition; (2) that the main purpose of StoneMor's regular debt and equity offerings were to pay distributions to unitholders instead of pay down indebtedness under the Company's revolving credit facility as publicly stated; and (3) that as a result of the above stated, the Company's statements about its business, operations, and prospects were false and misleading and/or lacked a reasonable basis at all relevant times

On September 2, 2016, StoneMor disclosed that it would restate its financials to correct numerous mistakes. Shortly thereafter, on October 27, 2016, StoneMor reduced its quarterly cash distribution by 50%, and on October 28, 2016 StoneMor's share price fell over 44%.

Then on November 9, 2016, StoneMor announced that it would also be amending its Form 10-K for the fiscal year ended December 31, 2015, as well as its Forms 10-Q for the quarters ended on June 30, 2016 and March 31, 2016. On this news, shares of StoneMor fell over 5% to close at just $8.57 per share on November 9, 2016, thereby injuring investors

On November 21, 2016, plaintiff Judson Anderson filed the securities class action on behalf of the Class.  As the PSRLA requires, on November 21, 2016, counsel for plaintiff Anderson issued a notice of pendency of his action, summarizing the allegations and informing members of the Class of the sixty-day deadline for filing motions to serve as lead plaintiffs.  *See* Declaration of Lee Albert ("Albert Decl."), Exhibit A.

**PROCEDURAL HISTORY**

Plaintiff Judson Anderson ("Anderson") commenced the first of the above-captioned cases against StoneMor on November 21, 2016: *Judson Anderson v. StoneMor Industries, Inc.et*

*al* No. 2:16-cv-06111-ER. In addition and subsequent to the *Anderson* complaint, another related action was filed in this District by plaintiff Steve Klein alleging similar claims against the same defendants: *Steve Klein v. StoneMor Industries, Inc., et al.*, No. 2:16-cv-06275-ER (filed December 2, 2016), (collectively, the "Related Actions").

**ARGUMENT**

      A.     **The Related Actions Should Be Consolidated**

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Here, each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action names the same defendants, each alleges violations of the Exchange Act, each presents the same or similar theories for recovery and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben. Plan v. Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

      B.     **Movant Should Be Appointed Lead Plaintiff**

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later

4

of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

    (aa) has either filed the complaint or made a motion in response to a notice. ..;

    (bb) in the determination of the Court, has the largest financial interest in the

    relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

    15 U.S.C. §78u-4(a)(3)(B)(iii).

The presumption in favor of appointing Movant as lead plaintiff "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

    (aa) will not fairly and adequately protect the interest of the class; or

    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

    15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation, and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Movant is not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class.

5

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. This Motion Is Timely

On November 21, 2016, pursuant to 15 U.S.C. 78u-4(a)(3)(A)(i), counsel for Anderson published a notice of the pendency of plaintiff's case on *PRNewsWire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein and advising purchasers of StoneMor securities that they had 60 days from the publication of the November 21, 2016 notice to file a motion to be appointed as lead plaintiff. *See* Albert Decl. Exh. A; *Greebel v. FTP Software, Inc.*, 939 F.Supp. 57, 62-63 (D. Mass. 1996) (publication on a national wire service satisfies the PSLRA notice requirement).

Movant timely files this motion within the 60-day period following publication of the November 21, 2016 PSLRA notice, submit herewith his sworn certification and attest that he is willing to serve as representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Albert Decl., Exh. B. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff… is the person or group of persons that… has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, are presumed to be the "most adequate plaintiff."

Movant purchased StoneMor securities during the Class Period at prices alleged to be artificially inflated by defendants' misstatements and omissions and, as a result, suffered substantial losses. As a result of the revelations of the fraud, Movant suffered approximately $67,025.34 in losses. *See* Albert Decl., Exh. C. Movant believes he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese,* 589 F. Supp. 2d at 396.

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that it satisfies Rule 23's typicality and

adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a. Movant Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Id.,* at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that defendants' material misstatements and omissions concerning StoneMor' business, operations and financial prospects violated the federal securities laws. Movant, like all of the members of the Class, purchased StoneMor securities in reliance on defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Movant interests and claims are "typical" of the interests and claims of the Class.

### b. Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Albert Decl., Exh. C. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

8

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has retained Glancy Prongay & Murray LLP to pursue this litigation on his behalf and will retain the firm as the Class's lead counsel in the event they are appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Albert Decl. as Exh. D. Thus, the Court may be assured that by granting the Movant's motion, the Class will receive the highest caliber of legal representation.

### CONCLUSION

For the foregoing reasons, Movant respectfully request the Court to grant his Motion and enter an Order (1) consolidating the above-captioned related cases, (2) appointing Movant as lead plaintiff, (3) approving his selection of Glancy Prongay & Murray LLP as lead counsel , and (4) granting such other relief as the Court may deem just and proper.

Dated:  January 20, 2017                             Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  *s/ Lee Albert*
Lee Albert (P.A. Bar ID 46852)
112 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: (212) 682-5340
Facsimile:  (212) 884-0988
Lalbert@glancylaw.com

9

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Casey E. Sadler
Lesley F. Portnoy
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
info@glancylaw.com

*Proposed Lead Counsel for the Class*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On January 20, 2017, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of Pennsylvania, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 20, 2017.

                                                  *s/ Lee Albert*
                                                  Lee Albert

# Mailing Information for a Case 2:16-cv-06111-ER ANDERSON v. STONEMOR PARTNERS, L.P. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **JAMES M. FICARO**
  jmf@weiserlawfirm.com,hl@weiserlawfirm.com

- **EDWARD T. FISHER**
  efisher@griesinglaw.com,jkwiatkoski@griesinglaw.com,dsparks@griesinglaw.com

- **CHRISTOPHER L. NELSON**
  cln@weiserlawfirm.com,hl@weiserlawfirm.com

- **BRIAN J. SLIPAKOFF**
  bslipakoff@duanemorris.com

- **JAMES H. STEIGERWALD**
  JHSteigerwald@duanemorris.com

- **ROBERT B. WEISER**
  rw@weiserlawfirm.com,hl@weiserlawfirm.com

- **JONATHAN M. ZIMMERMAN**
  jmz@weiserlawfirm.com,hl@weiserlawfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`